**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| SHEREESE McCOY, | ) |
|     Plaintiffs, | ) Case No. 3:18-cv-351-HSO-JCG |
| v. | ) **Complaint for Damages** |
| | ) **Unlawful Debt Collection Practices** |
| EGS FINANCIAL CARE, INC. | ) |
|     Defendant. | ) |

**COMPLAINT**

SHEREESE McCOY ("Plaintiff"), by her attorneys, alleges the following against EGS FINANCIAL CARE, INC., ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone to collect an alleged debt in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.* and under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter the "FDCPA").

**JURISDICTION AND VENUE**

1. Defendant conducts business in the state of Mississippi, and therefore, this Honorable Court has personal jurisdiction over Defendant.

2. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that

1. federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Jurisdiction of this court over the FDCPA claim arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

5. Plaintiff is a natural person residing in Ranking County in the city of Brandon, Mississippi.

6. Defendant is a Pennsylvania corporation doing business in the State of Mississippi, with a Resident Agent within Mississippi.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect, on behalf of a third party, alleged debts owed by Plaintiff.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (601) 573-34XX.

10. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to, (903) 209-2277, (430) 775-1072, (844) 825-2609 and (903) 209-2635.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, SHEREESE McCOY.

13. Defendant's calls did not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On or about October 11, 2017, Plaintiff called Defendant's company at phone number (903) 209-2277. Plaintiff spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation, Plaintiff gave Defendant her phone number and social security number, in order to assist Defendant in identifying her and accessing her account, before asking Defendant to stop calling her cellular phone regarding all her accounts.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on October 11, 2017.

19. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after October 11, 2017.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least forty-seven (47) automated calls to Plaintiff's cellular telephone after October 11, 2017.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 *et seq.*

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt owed to a third party.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring or engage any person in telephone conversations repeatedly and continuously.

    c. Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the debt collection.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHEREESE McCOY, respectfully requests judgment be entered against Defendant, EGS FINANCIAL CARE, INC., for the following:

## FIRST CAUSE OF ACTION

31. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (47), $23,500.00;

32. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

33. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (47), $70,500.00;

34. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

36. Costs of litigation and all reasonably billed attorneys' fees, as a substantive remedy, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

## ON ALL CAUSES OF ACTION

37. Actual damages and compensatory damages according to proof at time of trial;

38. Litigation costs and reasonably billed attorneys' fees as a substantive, mandated remedy;

39. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED:  May 29, 2018

By:   */s/ Wesley H. Blacksher*
      Wesley H. Blacksher (MS Bar #103026)
      Attorney for Plaintiff
      Wesley H. Blacksher, LLC
      3763 Professional Parkway,
      Mobile, AL 36609
      P: (251) 432-1010
      E: BlacksherW@aol.com

By*:*   */s/ Carlos C. Alsina*
        Carlos C. Alsina
        Attorney for Plaintiff
        *Pro hac vice* application to follow
        LAW OFFICES OF JEFFREY LOHMAN, P.C.
        4740 Green River Rd., Ste. 206
        Corona, CA 92880
        T: (866) 329-9217
        E: CarlosA@jlohman.com